UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOYCE GAGNON                                    JURY TRIAL DEMANDED

v.                                              CASE NO.  3:14CV

AMOS FINANCIAL LLC
LEON P. CAMERON
LAW OFFICES OF FRANK N. PELUSO, P.C.

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act ("CCPA"), or the Connecticut Unfair Trade Practices Act, based on defendants' collection letter dated Nov. 12, 2013, their claiming interest and attorney's fees not allowed by law or contract, their unlicensed collection activity, and their filing a suit against plaintiff that on its face did not plead, and showed an inability to prove, a cause of action.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

Plaintiff is a consumer

3. Plaintiff is a natural person who resides in Connecticut.

4. Defendants' claim against plaintiff was based on a loan for improvements on her home in West Haven CT.

Defendants are debt collectors

5. Defendant Amos purchased plaintiff's Key Bank loan on November 11, 2011, after she had ceased making payments in September 2009.

6. Defendants Cameron and Peluso regularly collect defaulted accounts for Amos by letter or filing collection lawsuits in the courts of Connecticut.

Defendant Amos is a creditor

Defendant Amos is a creditor

7. Amos claims to have purchased plaintiff's defaulted home improvement loan in 2011.

8. Most debt buyers acquire the debts for a fraction of the balance, but then attempt to collect the entire debt. Gonzales v. Arrow Financial Services, LLC, 660 F.3d 1055, 1059 (9th Cir. 2011); Suesz v. Med-1 Solutions, LLC , 757 F.3d 636, 638-39 (7th Cir. 2014).

9. As the putative owner of plaintiff's account, defendant Amos is a creditor for the purposes of the CCPA.

Defendants engaged in unlawful collection activity

10. Defendant Amos is not licensed as a consumer collection agency as required by Connecticut law. Conn. Gen. Stat. §36a-800(2)(B) (eff. Oct 2013).

11. Amos may not collect in Connecticut without being licensed. § 36a-801 (a) "No person shall act within this state as a consumer collection agency unless such person has first obtained a consumer collection agency license."

12. "Any person who operates a consumer collection agency without a license as required by sections 36a-800 to 36a-810, inclusive, shall be fined not more than one thousand dollars or imprisoned not more than one year, or both." §36a-810.

13. Unlicensed collection activity violates the FDCPA. Goins v. JBC & Associates, P.C., 352 F. Supp. 2d 262 (D. Conn. 2005).

Defendants filed suit which showed on its face that they had no cause of action.

14. Defendants filed suit against plaintiff on January 8, 2014, seeking to recover based on a home improvement loan.

2

15. Defendants complaint attached the home improvement contract, which was neither valid nor enforceable pursuant to Conn. Gen. Stat. 20-429 because on its face it did not comply with the following provisions:

> Sec. 20-429. Required contract provisions..... (a) No home improvement contract **shall be valid or enforceable** against an owner unless it: .. (3) contains the entire agreement between the owner and the contractor… (5) contains the name and address of the contractor and the contractor's registration number, … (7) contains a starting date and completion date, … and (9) includes a provision disclosing each corporation, limited liability company, partnership, sole proprietorship or other legal entity, which is or has been a home improvement contractor pursuant to the provisions of this chapter or a new home construction contractor pursuant to the provisions of chapter 399a, in which the owner or owners of the home improvement contractor are or have been a shareholder, member, partner, or owner during the previous five years.

16. Plaintiff's home improvement contract was solicited and entered into at her home.

17. The contract attached to the state court complaint was, on its face, ineffective because it did not include the notice mandated by §42-135a:

> Sec. 42-135a. Notice in sales agreement. Notice of cancellation. Duties of seller. No agreement in a home solicitation sale **shall be effective against the buyer** if it is not signed and dated by the buyer **or if the seller shall**: ….

> (2) Fail to furnish each buyer, at the time such buyer signs the home solicitation sales contract or otherwise agrees to buy consumer goods or services from the seller, a completed form in duplicate, captioned "NOTICE OF CANCELLATION", which shall be attached to the contract or receipt and easily detachable, and which shall contain in ten-point boldface type the following information and statements in the same language as that used in the contract: . . .

18. On October 30, 2014, the lawyer Defendants appeared for the third scheduled trial date, after requesting postponements, with no witness, and withdrew the lawsuit.

19. Upon information and belief, defendants file suit with the intention of either obtaining default judgment or settling with the consumer if he or she responds to the complaint. <u>Suesz v.</u>

Med-1 Solutions, LLC,  757 F.3d 636, 638-39 (7th Cir. 2014).

20. In several instances, the defendant attorneys have appeared at trial only to take default judgment or to pressure unrepresented consumers into settlement, not to prove Amos's case, as Amos has no evidence with which to do so other than inadmissible hearsay affidavits.

21. By reason of filing a suit which on its face showed that defendants had no cause of action, defendants used false, deceptive, or misleading means to collect a debt, falsely represented the character of the debt, falsely represented the amount of the debt, falsely represented the legal status of the debt, attempted to collect amounts not permitted by law, or used unfair or unconscionable means to collect.

<u>Defendants sought attorney's fees not allowed by law.</u>

22. On October 29, 2014, defendants filed a document entitled "Affidavit of Attorney's fees by Leon P. Cameron, Esq." (Affidavit).

23. That Affidavit sought 15% attorney's fees based on the contingency fee with Amos, and based on the terms of an appended promissory note.

24. That Affidavit was devoid of any timesheets which would have substantiated the amount of the fees, as mandated by state law. E.g. Smith v. Snyder,  267 Conn. 456, 479, 839 A.2d 589, 604 (2004).

25. Defendants were aware that timesheets were needed to substantiate any fee application. Amos Financial, LLC. v. Patel, NNH-cv-11-6020175-S (July 17, 2014).

26. The private contingency fee agreement between defendants was drafted by Leon Cameron.

27. The contingency fee agreement allowed a deduction of 15% from the net proceeds

of any amount collected.

28. The contingency fee agreement did not allow for the addition of 15% to any judgment by way of attorney's fees.

29. The terms of the promissory note appended to the Affidavit regarding attorney's fees were: "If you default, you agree to pay our **costs** for collecting amounts owing, including, without limitation, court costs, and . . . attorney's fees after commencement of a lawsuit, **up to** 15% of the amount due and payable…."

30. Neither Amos nor its predecessor had paid any attorney's fees.

31. Amos was not obligated to pay defendants any attorney's fees. Seeger v. AFNI, Inc., 548 F.3d 1107, 1113 (7th Cir. 2008) (a collection fee which is never paid is not a cost that [creditor] would incur).

32. No amount was due and payable, because the contract was unenforceable as a matter of law.

33. Had there been a contract or statute allowing attorney's fees in the state court action, defendants violated the FDCPA by seeking percentage-based fees. Bradley v. Franklin Collection Service, Inc., 739 F.3d 606, 609 (11th Cir. 2014); Kojetin v. C U Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000).

34. No fees were due at the time of the Fee Affidavit because no judgment had entered.

35. No fees became due, because no judgment was entered; defendants withdrew the state court collection case on October 30, 2014.

Defendants sought to recover excessive or unlawful interest

36. Defendants in their collection complaint claimed that the obligation was $6,340 as of September 14, 2009, and that Amos had purchased the account on or about November 14, 2011.

37. Defendants claimed that the amount owed to Amos included prejudgment interest of $3,408.81 at 10.99% per annum from September 14, 2009.

38. Amos's predecessor, Key Bank, not charged interest to the 2011 date that Amos purchased the account; the account was in non-accrual status when Amos bought it.

39. An assignee cannot collect interest that its assignor waived. Stratton v. Portfolio Recovery Associates, LLC., __ F.3d __, 2014 WL 5394517, *4 (6th Cir. Oct. 24, 2014).

40. Prejudgment interest is not mandatory, but is in the discretion of the court. Daimlerchrysler Ins. Co., LLC v. Pambianchi , 2011 WL 721630 *2-3 (D. Conn. 2011) ("Awarding prejudgment interest at a 10% annually compounded rate during a recession would result in a significant windfall.").

41. Absent contract, prejudgment interest is limited to 8%. Conn. Gen. Stat. §37-1.

42. Seeking interest that is not allowed by law violates the FDCPA. §1692f(1). Martinez v. Albuquerque Collection Services, 867 F. Supp. 1495, 1509 (D.N.M. 1994).

Defendants sought to recover excessive or unlawful costs

43. On October 27, 2014, defendants filed a Bill of Costs, seeking $469.

44. Defendants were not then entitled to costs, since judgment had not entered.

45. In their pretrial Motion for Judgment, filed October 29, 2014, defendants claimed a total judgment in the amount of $12,330.93.

46. As defendants claimed an amount less than $15,000, they were limited to costs of $420. Conn. Gen. Stat. §52-257(c).

Defendants' letter of November 12, 2013 violated the FDCPA

47. On November 12, 2013, defendants send a demand letter to plaintiff.

48. The demand letter was drafted by defendant Cameron.

49. The demand letter stated that the outstanding balance was $9,670.44.

50. That amount was not itemized, but improperly included 10.99% self-adjudicated interest, retroactive to the date of default.

51. The November 12, 2013 letter did not disclose the amount of the debt. "[W]hen a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate." Jones v. Midland Funding, LLC , 755 F. Supp. 2d 393, 397 (D. Conn. 2010).

52. The letter falsely stated that late charges and other charges might apply to increase the amount of the debt.

53. No late charges or other charges were applicable. Past due fees are permitted only on late periodic payments and only until the event of default. Federal Deposit Insurance Corporation v. Napert-Boyer Partners, 40 Conn. App. 434, 443, 671 A.2d 1303 (1996).

54. The letter was confusing or misleading in that it referred to *"the thirty day time period that begins upon our receipt of this notice."* That period was unexplained.

55. The letter asked for written notice of the name, address and phone number of any attorney.

56. Section 1692c(a)(2) does not restrict the consumer to written notice of attorney representation.

57. In the collection efforts, defendants violated the FDCPA, § 1692e, or -f(1), or -g.

58. Defendant Amos violated the parallel provisions of the CCPA, particularly Reg. Conn. State Agencies §36a-647-5(g); §36a-647-6 generally and subsections (2), (6), (11).

59. Plaintiff suffered damages, by way of inconvenience, anxiety, expense of attorney representation, and days off from work due to defendants' changing the dates of trial to suit their own convenience.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the FDCPA against each defendant.

2. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the CCPA against Amos.

3. Enter an injunction directing Amos not to collect, or to rebate, any attorney's fee award in cases wherein the fee request did not comply with state law by disclosing the hourly rate and time expended.

4. Enter an injunction directing Amos to withdraw any lawsuits, and refund any monies collected, during the time it was unlicensed.

5. Award plaintiff attorney's fees and costs.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net